**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Durell Mapp,<br><br>Plaintiff,<br><br>v.<br><br>Dick's Sporting Goods, Inc., and Gary Tomlin,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C/A NO.:   2:26-cv-00668-RMG-MHC

**NOTICE OF REMOVAL**

Defendants Dick's Sporting Goods, Inc. ("DSG") and Gary Tomlin ("Tomlin"), (collectively, "Defendants"), through their undersigned counsel, file this Notice of Removal in the above-captioned action pursuant to 28 U.S.C. §§ 1441 and 1446. In support of removal, Defendants respectfully asserts the following:

**BACKGROUND**

1.      On or about January 8, 2026, Plaintiff filed this action in the Court of Common Pleas, County of Charleston, State of South Carolina, captioned *Durell Mapp v. Dick's Sporting Goods, Inc., Gary Tomlin,* Case No. 2026-CP-10-00104. A copy of Plaintiff's Summons and Complaint is attached as Exhibit A. This is the only process, pleading, or order filed to date in this action.

2.      Defendant DSG was served with the Summons and Complaint on January 16, 2026. Defendant Tomlin's counsel agreed to accept and waive formal service of the Summons and Complaint on behalf of Defendant Tomlin and did so on February 12, 2026. Accordingly, this Notice of Removal is timely filed within the thirty-day period provided by 28 U.S.C. § 1446(b).

3.      The United States District Court for the District of South Carolina, Charleston Division, is the federal judicial district embracing the Charleston County Court of Common Pleas, where this action was originally filed and where the events alleged in the Complaint are alleged to have occurred. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.      Pursuant to 28 U.S.C. § 1446(d), Defendants are concurrently filing a Notice of Filing Notice of Removal with the Clerk of Court for the Charleston County Court of Common Pleas and serving Plaintiff, through his counsel, with a copy of this Notice of Removal and a copy of the Notice to State Court of Removal to Federal Court. A copy of the Notice to State Court is attached hereto as Exhibit B.

5.      As explained below, this Court has jurisdiction over this action based on federal question pursuant to 28 U.S.C. §§ 1331.  As such, this action may be removed to this Court under 28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION

6.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Plaintiff's Complaint alleges federal law claims under the Americans with Disabilities Act of 1990; 42. U.S.C § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and 42 U.S.C. § 1981 (Compl. ¶¶ 45-94).

8. By asserting claims under federal law, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION

9. This Court has supplemental jurisdiction over Plaintiff's remaining and related state law claims for intentional infliction of emotional distress and wrongful termination in violation of public policy (Compl. ¶¶ 95-101). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10. Here, Plaintiff's state law claims relate closely to his federal law claims. All of Plaintiff's claims arise out of a common nucleus of operative facts, including Plaintiff's employment with Defendant DSG and his separation therefrom. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

11. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law, nor predominate over the claims which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

## LOCAL CIVIL RULE REQUIREMENTS

12. Defendants have complied with the requirements of Rules 83.IV.01 and 83.IV.02 of the Local Civil Rules of the United States District Court for the District of South Carolina.

13. Defendants have also complied with Local Civil Rule 26.01 by filing their Answers to Local Civil Rule 26.01 Interrogatories contemporaneously with this Notice of Removal.

WHEREFORE, Defendants respectfully request this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Charleston County Court of Common Pleas.

Respectfully submitted this 17th day of February 2026.

<div style="margin-left:40%">

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/ Michelle McMahon
D. Michael Henthorne (Fed. ID #6386)
First Base Building
2142 Boyce Street – Suite 401
Columbia, SC  29201
Phone: 803.252.1300
michael.henthorne@ogletree.com

Michelle McMahon (Fed. ID #11589)
211 King Street, Suite 200
Charleston, SC 29401
Phone: 843.853.1300
michelle.mcmahon@ogletree.com

*Attorneys for Defendants*

</div>

4